

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00228-CV

_____

IN THE ESTATE OF EVERLEAN SCOTT, DECEASED

---

On Appeal from Probate Court No. 1
Tarrant County, Texas
Trial Court No. 2024-PR02933-1

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Glendell Thompson, pro se, attempts to bring a restricted appeal of the trial court's November 21, 2024 order admitting a will to probate as a muniment of title. *See* Tex. R. App. P. 26.1(c), 30.

To sustain a restricted appeal, the filing party must show that (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). The first three requirements are jurisdictional. *Id.* at 497 ("An appellant who satisfies the first three requirements establishes the court's jurisdiction and must then establish error from the face of the record to prevail in the restricted appeal.").

Thompson filed his pro se notice of restricted appeal within six months of the probate court's order, but the record does not reflect that he was a party to the underlying lawsuit.[1] Accordingly, we dismiss this restricted appeal for want of jurisdiction. *See id.*

---

[1]Although appellee Joyce Britt contends that Thompson is not an "interested person" under the Estates Code, the sparse record reflects that Thompson claims to be the decedent's grandson and seeks to recover one of the decedent's assets, and his notice of restricted appeal and his appellate brief indicate that he seeks to challenge the will based on the decedent's alleged lack of testamentary capacity and Britt's alleged undue influence. *See* Tex. Est. Code Ann. § 22.018(1) (stating that an "interested

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  November 6, 2025

---

person" includes an heir "or any other having a property right in or claim against an estate being administered"); *see also id.* § 22.015 (defining "heir" as "a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate"), § 201.001(a)–(b) (identifying to whom an estate passes if a person dies intestate).

An "interested person" may file a bill of review in the court in which the probate proceedings were held to have the complained-of order "revised and corrected on a showing of error in the order." *Id.* § 55.251(a).  However, "[a] bill of review to revise and correct an order . . . may not be filed more than two years after the date of the order." *Id.* § 55.251(b).  Because the probate court's order was entered on November 21, 2024, if Thompson is an "interested person," then he has two years from that date to take this action in the probate court.

3